IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

KELVIN MERRITT, #B78207,      )
                                   )
     Plaintiff,            )
                                   )
     -vs-                  )     No. 16-536
                                   )
BRIAN MINER, et al.,         )
                                   )
     Defendants.         )

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT [DOC. 2]**

The Defendants BRIAN MINER, WILLIAM QUALLS, and TONY PAYNE, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 2], stating as follows:

**LITIGATION HISTORY**

**ANSWER:**    **Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**ANSWER:**    **Defendants deny Plaintiff exhausted the administrative remedies available to him as to all claims and defendants prior to bring the instant lawsuit.**

**STATEMENT OF FACTS**

Plaintiff was transferred to Menard on June 20, 2014 with a broken hand upon arriving plaintiff was denied medical treatment (which is not initial issue in this claim).  Plaintiff filed emergency grievance by placing said grievance into wardens personal box on the way to dinner (Plaintiff was able to do so because he was in population).  By the time plaintiff received response that the grievance <u>was</u> emergency (which was approx ____ Plaintiff was seen by a physician but denied adequate treatment for just being seen grievance office decide issue was now moot without

addressing other issues within the grievance of multiple days of deliberate indifference by Nurse Stefani and Amy Lane.  NOTE!  When Plaintiff received response from warden he notice the grievance was given a filing number and date stamped on it even though the date was not accurate or close to the date filed.

> **ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny Plaintiff was transferred to Menard Correctional Center on June 20, 2014, and Defendants deny the allegations in this paragraph.**

Plaintiff had other issues he needed to address in grievance form and sent to counselor via mail, counselor claim to never receive said grievance, plaintiff attempted to receive copies of grievance through the prison law library but was told inmates cannot receive copies of grievance that has not been responded to which was the first time I've heard this in 18 years incarceration.

> **ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny Plaintiff was transferred to Menard Correctional Center on June 20, 2014, and Defendants deny the allegations in this paragraph.**

Plaintiff was told by his cellmate and many inmates that most counselor throw inmate grievance away at the facility and or officers when placed in institutional mail which discourage inmates from filing and sometimes officers would bring grievance to your cell in mocking form and eventually retaliate and use reprisals against prison litigators.  There is no penological interest for denying prisoners to copy grievance without response, I.D.O.C. and Menard staff knows that the copy machine has a memory chip that saves dates, time, and what type of material which is copied and this will assist prisoners in showing court that they attempted to file.

> **ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny Plaintiff was transferred to**

**Menard Correctional Center on June 20, 2014, and Defendants deny the allegations in this paragraph.**

Plaintiff remembered that his first Emergency grievance placed in warden personal box was returned with a filing number and stamped date so plaintiff proceeded to file those grievance he deemed Emergency to the warden by placing in warden box in which warden only has they key, once returned with filing number Plaintiff would get copies from law library and send to counselor or place in counselor hand, once counselor respond plaintiff would send to grievance office, Note: Counselor has the right in Illinois to forward a grievance they cannot answer directly to grievance office by checking box on grievance form counselors never do this but return grievance to inmates via institutional open without envelope.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny Plaintiff was transferred to Menard Correctional Center on June 20, 2014, and Defendants deny the allegations in this paragraph.**

This is design to make officers aware of said grievance and the risk of prisoners sending grievance back out on… the same shift with same officers. Note:  Most of staff and officer when work in prisons (Menard) are family members and or married, lovers etc.)

**ANSWER: The allegations in this paragraph pertain claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny Plaintiff was transferred to Menard Correctional Center on June 20, 2014, and Defendants deny the allegations in this paragraph.**

Plaintiff would receive grievance sent to grievance office from August 2014 to January 30, 2015 via institutional mail with Red Ink on front stating out of time frame, the very same ink officers use to place prisoners cell number on incoming mail.  Plaintiff know that grievance office is suppose to state date, time, issues of grievance, hearing officers name and results of grievance which is usually typed out.  Plaintiff filed grievance on these issue for the warden and A. R. B. to

determine whom was violating the process and to show that each grievance was filed with 60 days to the counselor warden, and grievance office.  Plaintiff also attempted to write grievance office to no avail.

> **ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny Plaintiff was at Menard Correctional Center between August 2014 and January 30, 2015, and Defendants deny the allegations in this paragraph.**

Plaintiff is a known litigator in the State of Illinois and understands the grievance process and P.l.R.A. and over the course of 18 years has met most deadlines in such, so I knew once officers started shaking down my cell on a daily basis and throwing my legal work and grievance around the cell and making threats and comments about me filing lawsuits and grievance.  It was clear that this was retaliation because no other inmate cell in west house was being shaken down each time he left the cell and intentionally throwing my property arounds without touching my cellmates.  I spoke with Major Thompson also about the constant harassment of my persons and property in which he stated inmates on blackstripes are only suppose to be shaken down twice a month so I stated your officers are coming trashing my cell on a regular basis as retaliation he then stated they can do whatever they want and that I'm harassing them by filing all those grievance.  I then explained that certain officers were standing on the stairwell where there is limited space (not enough for inmates movement and officers and that certain officers are shaken my persons down yet no other inmates and Major Thompson stated his officers are now claiming that I'm intentionally bumping them in this small space specifically c/o whom weights 400 lbs I weigh 190 lbs in a 3rd space Major Thompson told me I need to walk sideways pass him because there no need for lockdown.

> **ANSWER: Defendants deny they retaliated against Plaintiff or violated any of Plaintiff's rights whatsoever. Defendants deny Plaintiff's cell was shaken down each**

**time he left the cell and deny they threw Plaintiff's property, grievances or lawsuits around. Defendants lack knowledge or information sufficient to form an opinion as to the other allegations in this paragraph.**

I know this situation would only escalate so I wrote grievance on c/o miner, c/o DillDay, c/o Edwards, Sgt. Qualls, and Major Thompson for constant harassment, threats and retaliation, I received to of the grievance back when I place them in wardens personal box stating they were none emergency but they had filing number.

**ANSWER: Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph. Defendants deny they retaliated against Plaintiff, used excessive force against Plaintiff, or violated any of Plaintiff's rights whatsoever.**

I then sent them to counselor received a response while still in population and sent to grievance office never received answer.

**ANSWER: Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

On Jan. 30, the very same c/os DillDay c/o Miner, c/o Edwards, Sgt. Qualls, came to my cell after I returned from lunch cuff me and my cellmate up took us to the end of the gal which was 4 cells down while Sgt. Qualls, and c/o minor, went in my cell and literally destroyed my property by throwing it around you could hear them throwing my T.V. and Boxes. When I was taken back in my cell handcuffed I saw that all my paper was everywhere and my T.V. was cracked and other items. So I asked for a luetinent, c/o called me a Bitch I refused to be uncuffed, Lt. ____, came to me cell I showed him what they did and they stood there plotting and then Lt. Payne, stated you are going to seg and c/o Miner, stated I will take him even though he claim to the luetinent that I bumped him and threaten him. It pays, allow him to escort me to Seg in which he punched me in back of my head and jaw and slammed my head against a pole on the stair case.

**ANSWER: Defendants deny Plaintiff was at Menard Correctional Center on January 30, 2015, and Defendants deny the allegations in this paragraph.**

Plaintiff was refused immediate [the rest of this paragraph is illegible].

**ANSWER: Defendants cannot read this paragraph and, as such, lack knowledge or information sufficient to form an opinion about the allegations that may be contained therein.**

Plaintiff again filed grievance on this issue as emergency then Plaintiff was sent before adjustment committee for falsified report written by c/o minor, and was found guilty and given 6 months segregation for intimidation threat plaintiff filed grievance directly to grievance office as required by I.D.O.C. exhaustion procedure plaintiff again never received a response.

**ANSWER: Defendants deny the allegations in this paragraph.**

Plaintiff received 3 more Disciplinary report during the month of January to June of 2014 while in segregation, Plaintiff was given 6 months for false report written by c/o Mezo, 3 months for refusing to take T.B. test through filthy cell door, which plaintiff file grievance directly to grievance office after committee hearing and never received a answer, Plaintiff was the assaulted and whether founded by several officer while on hunger strike one of the officers c/o wrote falsified report that while he was escorting plaintiff, plaintiff <u>attempted</u> to spit and kick him, plaintiff file grievance directly to grievance office and never received a response.  Plaintiff was on hunger strike 33 days protesting the non-existant grievance procedure and response by the grievance office, plaintiff also wrote to U.S. Attorney General and governors offices, his attorneys, and organizations to investigate this matter, plaintiff filed grievance about staff assaulting him on hunger strike and never received and answer even though he discussed these matter with warden Butler and Internal Affairs while on hunger strike and grievance copy was placed in medical file.

**ANSWER:  Defendants admit Plaintiff was issued five disciplinary tickets between January 2014 and June 2014. Plaintiff admits Plaintiff was written tickets for "failure to submit to medical or forensic test," and for attempting to spit and kick a correctional officer. Defendants deny Plaintiff his accurately described the punishment he received.  Defendants deny these or any other tickets were false.**

**Defendants deny they assaulted Plaintiff, used excessive force on Plaintiff, retaliated against Plaintiff, or violated any or Plaintiff's rights whatsoever. Defendants lack knowledge or information sufficient to form an opinion as to the other allegations in this paragraph.**

During the course of said time plaintiff sent copies of grievance to A.R.B. stating he was being stonewalled at certain grievance levels only to receive sarcastic responses by Sherry Benton and telling plaintiff to complete steps in which he stated to the A.R.B. was being stonewalled, The A.R.B. refused to investigate these issues, and refused to address any issues that plaintiff presented with facts A.R.B. member has been allowed to harass plaintiff for years now even though plaintiff has filed grievance directly to the IDOC Director several times about her conduct she responds to the letters/grievances written by Plaintiff and addressed to the Director for her to be fired and disciplined which is a conflict of interest.  In June of 2014 Sherry Benton came to plaintiff cell at Menard C.C. Segregation unit a stated that plaintiff file too many grievances laughing.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

In July Plaintiff was transferred to Pontiac and refiled all grievance that was not answered at Menard with the A.R.B. all serious issues, Sherry Benton again refused stating out of time frame even though some was clearly not.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants admit Plaintiff was transferred from Menard Correctional Center to Pontiac Correctional Center on July 2, 2014. Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

While housed at Pontiac C.C. from 2014 July to the present plaintiff has filed several serious grievance mostly all has been declared out of time frame the grievance officer simpson

even though grievance clearly shows the counselor signature and time filed and sent is clearly within 60 days.

> **ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants admit Plaintiff has been housed at Pontiac Correctional Center from July 2, 2014 to the present. Defendants lack knowledge or information sufficient to form an opinion as to the other allegations in this paragraph.**

I had to file grievance on grievance officer simpson for not responding to grievance with warden in which it took 10 months after filing with warden and she denied grievance the next day at this moment she has not responded or investigated grievances that has been filed for long periods of time pass her time frame for responding.

> **ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants lack knowledge or information sufficient to form an opinion as to the other allegations in this paragraph.**

I.D.O.C. has designed a unwritten policy with its designated grievance officers (which at each facility sits on the grievance office for long periods of time) to harras and stonewall myself and other prisoners whom are known for filing grievance and litigating because they understand that these are the prisoners that will go to court against them so I.D.O.C. will not investigate any of my claims and state that all my grievances are out of time frame even medical issues that way their only defense in court is to state I have not exhausted administrative remedies.  Even though I.D.O.C. written policy states it is the A.R.B. Description to review serious grievance that are out of time frame, the A.R.B. and Sherry Benton has denied to review grievance they state are late by a couple days or week (which has been sitting in their pile) and is of serious medical nature.  So it is clear this is done to plead inmates has no exhausted under I.D.O.C. PLRA in Court.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in** *Merritt v. Godinez, et al.*, **No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny the allegations in this paragraph.**

The P.L.R.A. was presented to the court of frivolous lawsuits or issues that can be addressed by I.D.O.C.

**ANSWER: It is not clear what Plaintiff is alleging in this paragraph. To the extent an answer is required, Defendants deny the allegations in this paragraph.**

This is not the case at this time. Inmates in Illinois are only required to file a grievance within 60 days the conflict varies from facility to facility on wether the counselor is the first step of grievance response within 60 days, I have been at facilities where counselors don't give responses for over 60 days and the grievance office <u>never</u> states its out of time frame. Yet when it is beneficial to stonewalling inmates certain facilities will state its out of time frame if the counselor holds it for a period and the grievance doesn't to that time.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in** *Merritt v. Godinez, et al.*, **No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny the allegations in this paragraph.**

Illinois does not allow counselors to give prisoners tracking numbers or print in computer (counselor cumulative report) grievance filed by prisoners yet counselor are required to file everything and everytime the have contact with prisoner yet they cannot and will not file in this same report tracking numbers. Also counselors can send grievance directly to grievance officers if they choose to and feel they have not assist or cannot respond at their level, (see grievance form) Yet the never do because it lower the chances of grievance being thrown away by officers and grievance officers manipulating the time frame. I.D.O.C. has not and will not set policy to stop the stonewalling of grievance and harassment of litigators by taking these steps because they will no longer have the defense of non-exhaustion of P.L.R.A. which is their only defense at times.

Plaintiff placed grievance in counselor Susan Hill hands while in Seg and never recieved responses but when her boss Spiller gave her my grievance which I gave Betsy Spiller.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

Policy and procedure for I.D.O.C. dictates that civilian must sit on the Board from the community.  Out of all the grievance I have filed in the last 6 to 7 days I have <u>not</u> had a formal hearing by the A.R.B. in t___ time Sherry Benton has responded to most of my grievance with the exception of a couple.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

I have never been interviewed by a grievance officer face to face/other when I have filed grievance concerning staff excessive force as IDOC has written policy

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants lack knowledge or information sufficient to form an opinion as to the allegations in this paragraph.**

I was not able to challenge tickets nor destruction of my property as retaliation and/or injuries to my person/medical issues due to being denied liberty interest to utilize the grievance procedure properly and being stonewalled at certain levels or all levels at times.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in *Merritt v. Godinez*, *et al.*, No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny the allegations in this paragraph.**

Plaintiffs have suffered long term segregation without the right to appeal these decision with the lost of property for years at times and personal injury including sensory depravation.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in** *Merritt v. Godinez, et al.*, **No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny the allegations in this paragraph.**

Plaintiff has and is being denied due process of rights in which the PLRA has been entrusted to the prison staff to form a process that is available to all inmates to exhaust administrative remedies at all levels before filing claims, this entrusted liberty interest has and continued to be manipulated by those entrusted to protect their interest in future court proceedings. By having officers who are friends and family of co-workers designated to hear grievance who interest is not only in the best interest of fellow co-workers but fellow union members.

**ANSWER: The allegations in this paragraph pertain to claims against defendants in** *Merritt v. Godinez, et al.*, **No. 16-102 SD, from which the present case was severed. To the extent a response is required, Defendants deny the allegations in this paragraph.**

### Relief Requested

Defendants deny Plaintiff is entitled to any relief whatsoever.

### Jury Demand

Defendants demand a trial by jury.

### Affirmative Defenses

**A.     Qualified Immunity.**

At all times relevant to the Plaintiff's claims, the defendants charged herein acted in good faith in the performance of their official duties without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have been aware. Defendants are therefore protected from liability by the doctrine of qualified immunity.

**B.      Administrative Exhaustion.**

Plaintiff filed this lawsuit regarding the conduct of correctional officers and officials while in the custody of the Illinois Department of Corrections and has failed to exhaust administrative remedies prior to filing his suit. Plaintiff's suit is therefore barred by 42 U.S.C. 1997e(a).

**C.      Sovereign Immunity.**

Under the Eleventh Amendment, Plaintiff's complaint for monetary damages against the Defendant in her official capacity is barred by sovereign immunity.

**D.      Statute of Limitations.**

Plaintiff's claims are barred by the applicable statute of limitations

**E.      Heck v. Humphrey**

To the extent Plaintiff's allegations requiring the invalidation of discipline that resulted in loss of good time credit are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Prayer for Relief**

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this honorable Court deny plaintiff any relief.

Respectfully submitted,

BRIAN MINER, WILLIAM QUALLS, and TONY PAYNE,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

Clayton J. Ankney #6320224
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-9026
Email: cankney@atg.state.il.us

BY:   s/ Clayton J. Ankney
        Clayton J. Ankney
        Assistant Attorney General

## **CERTIFICATE OF SERVICE**
### **Merritt v. Miner, et al., SDIL Case No. 16-536**

I hereby certify that on October 19, 2016, I electronically filed the foregoing *Defendants' Answer and Affirmative Defenses*, with the Clerk of Court using the CM/ECF system, which will send electronic notice of same to the following,

None

and I hereby certify that on October 19, 2016, I caused copies of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

Kelvin Merritt, #B-78207
Pontiac Correctional Center
PO Box 99
Pontiac, IL  61764


  s/ Clayton J. Ankney
Clayton J. Ankney #6320224
Assistant Attorney General