IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KELVIN MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-536-NJR-DGW |
| | ) | |
| BRIAN MINER, WILLIAM QUALLS, and TONY PAYNE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the motion to compel and for appointment of counsel (Doc. 40),[1] the motion for status (Doc. 46), the motion to amend complaint (Doc. 47), and the motion for order (Doc. 50). The motion to compel is **DENIED in part and GRANTED in part** (Doc. 40), the motion for appointment of counsel is **DENIED without prejudice** (Doc. 40), the Motion for Status is **DENIED with prejudice** (Doc. 46), the Motion to Amend Complaint is **DENIED with prejudice** (Doc. 47), and the Motion for Order is **DENIED without prejudice** (Doc. 50).

**DISCUSSION**

On October 24, 2016, a Scheduling Order was entered setting September 29, 2017 as the discovery deadline (Doc. 17).[2] Plaintiff sought one extension of time on May 1, 2017 but was informed that the discovery deadline was still almost four months away (at that time), which would provide sufficient time to complete discovery (Docs. 31 and 32). Defendants then sought, and

---

[1] In this same document, Plaintiff seeks default judgment and sanctions. These requests will be left to the sound discretion of the District Judge.

[2] The discovery deadline was then extended to November 30, 2017 (Doc. 55).

were granted, to July 10, 2017 to respond to written discovery served on April 26, 2017 (Docs. 36 and 38). When Plaintiff filed his first motion, on July 17, 2017, he still had not received responses to his written discovery requests (Doc. 39). By the time Plaintiff filed his second motion, on August 7, 2017, he had received responses that were mailed on July 10, 2107 and objections that were mailed on July 11, 2017, the day of and the day after the deadline set by the Court (which indicated that no further extensions would be granted) (Doc. 40, pp. 8, 12, 17, 24, 31, 38, 43).

Plaintiff contends that the attorney for Defendants must have back-dated the certificates of service because he did not receive the objections and responses until July 17, 2017 or July 22, 2017. He further states that Defendants have refused to respond to the interrogatories and requests to produce and have instead objected to a majority of them. Plaintiff generally refers to his discovery requests but does not specify, by number, which objections or responses are inadequate. Plaintiff does not provide any argument as to why additional responses should be compelled.

As to the timeliness of Defendants' objections to the written discovery requests (that were mailed a day late) it is clear from the discovery responses that both the responses and objections were drafted contemporaneously. While the Court does not approve tardiness, any failure to comply with the Court's deadline by a day appears harmless and does not appear to be a tactic to frustrate this litigation. Plaintiff has identified no prejudice, specific to this case and situation, that would warrant any further action on the timeliness of the responses. The fact that Plaintiff may have received the responses a week after they were mailed also does not warrant any further action. There is no evidence that the certificates of service are false or that Defendants are responsible for delays in the mail. And, as an officer of the Court, Defendants' counsel is

presumed to be truthful in each of the documents to which he signs his name, as required by Federal Rule of Civil Procedure 11. At the time the response/objections were received, Plaintiff still had sufficient time to conduct additional discovery.

As noted by Defendants, Plaintiff was limited to 15 interrogatories in the Scheduling Order and should have sought permission prior to asking more than 15. Therefore, Defendants' objections to the excessive number of interrogatories are reasonable. The Court has reviewed Defendants' responses and objections to Plaintiff's first set of interrogatories and generally finds the answers to be sufficient. However, Miner responded to interrogatory 11 by referring Plaintiff to a disciplinary report (Doc. 40, p. 27). This answer is insufficient: a disciplinary report is not the type of document contemplated by Federal Rule of Civil Procedure 33(d) and is not a document made under penalty of perjury. Interrogatory answers must be made "under oath" and referring to a document that is not an affidavit or a declaration is improper. Defendant Miner shall supplement his response to interrogatory 11 within ten (10) days of the date of this Order.

As to the requests to produce, Plaintiff appears to seek all internal affairs records and any video or photographs depicting the area where he alleges he was assaulted by staff. In response, Defendants state that no internal affairs records exist, that no photographs exist, and that no videos exist. These answers are sufficient. Defendants are not required to produce material that does not exist and are not required to create evidence (i.e to take photographs). Plaintiff also seeks policies and protocols regarding IDOC procedures for intervening in altercations between staff and inmates. In this matter, Plaintiff is proceeding on one claim of retaliation and one claim of excessive force. There is no unconstitutional policy or practice claim in this lawsuit and no claim of deliberate indifference to a medical need. There also is no failure to intervene claim. Prison policies have no bearing on whether Plaintiff's constitutional rights, as alleged in this case, were

violated. No further response by Defendants is required. Plaintiff's motion to compel is accordingly **DENIED in part and GRANTED in part**, for the limited response as set forth above (Doc. 40).

Plaintiff's request for recruitment of counsel is **DENIED without prejudice** (Doc. 40). Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has not met his threshold burden of demonstrating that he has attempted to acquire counsel prior to seeking assistance from the Court. Plaintiff may refile this motion provided that he contact at least three attorneys, in writing, and seek representation in this matter. Plaintiff shall attach any letters he sends to or that he receives from these attorneys in any future motion for

recruitment of counsel.  Plaintiff also shall request recruitment of counsel using the form approved by the Court, which shall be sent to Plaintiff by the Clerk of Court along with a copy of this Order.

In light of this Order, Plaintiff's motion for status is **DENIED** (Doc. 46).

Plaintiff's motion to amend the complaint is **DENIED** (Doc. 47).  Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires.  Leave may be denied, however, if there is undue delay, futility, or prejudice.  *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015).  Local Rule 15.1 directs litigants to submit a proposed amendment to a pleading along with a motion.  No proposed pleading was submitted by Plaintiff.  Plaintiff also has not explained why the Court should extend the February 27, 2017 deadline to amend the pleadings (Doc. 17, p. 3).  Plaintiff could have moved to amend his complaint prior to the deadline, or at least seek an extension, but failed to do so.  *See Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (finding that the district court did not abuse its discretion in denying leave to amend 8 months after the deadline).  Allowing additional claims and parties to this lawsuit will unnecessarily delay these proceedings further.  Finally, this motion is <u>not</u> construed as a motion to reconsider the Order (Doc. 1) severing this matter from case 3:16-cv-102-SMY – a case in which Plaintiff presented similar claims to the ones set forth in his motion.

In light of these rulings and the other Orders entered in this matter, Plaintiff final motion is **DENIED without prejudice** (Doc. 50).  The Court will determine whether a hearing on Plaintiff's request for a Temporary Restraining Order (Doc. 45) is necessary.

## CONCLUSION

For the foregoing reasons, motion to compel is **DENIED in part and GRANTED IN PART** (Doc. 40), the motion for appointment of counsel is **DENIED without prejudice** (Doc. 40), the Motion for Status is **DENIED** (Doc. 46), the Motion to Amend Complaint is **DENIED** (Doc. 47), and the Motion for Order is **DENIED without prejudice** (Doc. 50). Defendant Miner shall respond to interrogatory 11 within ten (10) days of the date of this Order. The Clerk of Court shall send to Plaintiff the form "Motion for Recruitment of Counsel."

**IT IS SO ORDERED**

**DATED: December 11, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**